GUS LEWY & CO. v. JULIUS KARGER.

(No. 1941.)

APPEAL from Colorado County.    Opinion by WILL-SON, J.

KENNON & TOWNSEND, counsel for appellants.

FOARD & THOMPSON, counsel for appellee.

§ 109. *Venue of suit; contract with reference to, construed; case stated.* Lewy & Co. instituted this suit against Karger, appellee, in the county court of Colorado county, to recover an alleged indebtedness of $851.68. Karger, being a resident of Austin county, pleaded in due form his privilege to be sued in the said county of his residence. His plea was sustained, and appellants' suit was dismissed. It is shown by plaintiffs' pleadings that at the time Karger contracted the indebtedness sued for, he executed to plaintiffs a written contract, wherein, among other stipulations, are the following: 1. That said indebtedness should be paid at plaintiffs' office in Galveston, Texas. 2. That the attorney of said Karger should be authorized to "appear in open court, at any time, and *in any court having jurisdiction of the amount*," and waive process and confess judgment upon said indebtedness or any portion thereof. 3. That an attachment might be sued out by plaintiffs upon said indebtedness,

or any part thereof, in "*any court or courts having jurisdiction of the amount or amounts sued for.*" 4. That all claims which the said Karger might prefer by reason of any attachment sued out should be asserted by him "in the court or courts *whence such attachment issued,* or in the courts of Galveston county, Texas, and not elsewhere." *Held:* The question presented for decision involves the construction of the above stated stipulations in the written contract. In the absence of any written contract as to the venue of the suit, the defendant was entitled to be sued in the county of his residence. But he might waive such right, and he has expressly and unequivocally done so in the contract referred to. It is clear and beyond dispute that by the terms of the contract the suit could have been maintained in Galveston county. But it is not in express terms stipulated in the contract that suit might be maintained for said indebtedness in any other county than Galveston. When, however, the several stipulations above referred to are considered and construed together, we are of the opinion that the intention of the parties to the contract was, that plaintiffs should have the right to sue for said indebtedness not only in Galveston county, and in the county of defendant's residence, but in any county in the state. We can place no other reasonable construction upon the contract. We hold that the court erred in sustaining the defendant's plea of privilege.

February 17, 1886.          Reversed and remanded.